JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908), morlick@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), mkenefick@jmbm.com
STUART K. TUBIS (Bar No. 278278) skt@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Defendants Chester R. MacPhee, III,
Co-Trustee of the George H. Sandy Foundation, a trust created
by Declaration of Trust dated 2 January 1960; Thomas J. Feeney,
Co-Trustee of the George H. Sandy Foundation, a trust created
by Declaration of Trust dated 2 January 1960; and Union Bank,
N.A., Co-Trustee of the George H. Sandy Foundation, a trust
created by Declaration of Trust dated 2 January 1960

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SHAW,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TABER FOOD SERVICES, INC, a California corporation, dba HOBEE's; CHESTER R. MACPHEE, III, Co-Trustee of the GEORGE H. SANDY FOUNDATION, a trust created by Declaration of Trust dated 2 January 1960; THOMAS J. FEENEY, Co-Trustee of the GEORGE H. SANDY FOUNDATION, a trust created by Declaration of Trust dated 2 January 1960; UNION BANK, N.A., Co-Trustee of the GEORGE H. SANDY FOUNDATION, a trust created by Declaration of Trust dated 2 January 1960;<br><br>　　　Defendants. | CASE NO. 5:14-cv-02850-BLF<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

　　　Defendants Chester R. MacPhee, III, Co-Trustee of the George H. Sandy Foundation, a trust

created by Declaration of Trust dated 2 January 1960; Thomas J. Feeney, Co-Trustee of the George

H. Sandy Foundation, a trust created by Declaration of Trust dated 2 January 1960 and Union Bank,

ANSWER TO COMPLAINT
CASE NO. CV14-02850

N.A., Co-Trustee of the George H. Sandy Foundation, a trust created by Declaration of Trust dated 2 January 1960 ("Defendants") hereby answer the Complaint ("Complaint") filed by Cecil Shaw ("Plaintiff") as follows. Defendants reserve the right to amend, add, or strike affirmative defenses as discovery ensues or for any other reason.

1. Paragraph 1 of the Complaint contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny each and every averment contained in said paragraph. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

2. In answer to paragraph 2 of the Complaint, Defendants admit Plaintiff seeks certain relief, but deny he is entitled to any such relief and deny the allegations in said paragraph.

## JURISDICTION

3. In answer to paragraph 3 of the Complaint, at this point in the litigation, Defendants admit that original jurisdiction in this Court appears to be appropriate pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act ("ADA").

4. In answer to paragraph 4 of the Complaint, Defendants admit only that at this time supplemental jurisdiction in this Court appears to be appropriate under 28 U.S.C. § 1367.

5. In answer to paragraph 5 of the Complaint, at this point in the litigation, Defendants admit that Plaintiff asserts federal claims in his Complaint.

## VENUE

6. In answer to paragraph 6 of the Complaint, Defendants admit only that venue in this Court appears to be appropriate pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

7. In answer to paragraph 7 of the Complaint, Defendants acknowledge that they own and/or lease the subject property (Property) on which the restaurant is located.

8. In answer to paragraph 8 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's physical disabilities and on that basis deny the

PRINTED ON RECYCLED PAPER
SF 1886375v1

allegations.

9. In answer to paragraph 9 of the Complaint, Defendants acknowledge that portions of the Property constitute a place of public accommodation.

10. In answer to paragraph 10 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's visits to the Property and therefore deny the allegations contained in said paragraph.

11. In answer to paragraphs 11-15 of the Complaint, Defendants deny the allegations in said paragraphs.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

## VI . FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

12. In answer to paragraph 16 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 15, inclusive, as though fully set forth herein.

13. Paragraph 17 of the Complaint contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny each and every averment contained in said paragraph. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

14. In answer to paragraph 18 of the Complaint, Defendants deny each and every allegation set forth in said paragraph.

15. Paragraphs 19-20 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent responses are deemed necessary, Defendants deny each and every averment contained in said paragraphs. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

PRINTED ON RECYCLED PAPER
SF 1886375v1
JMBM Jeffer Mangels Butler & Mitchell LLP

16. In answer to paragraphs 21-22 of the Complaint, Defendants deny each and every allegation as set forth in said paragraphs.

17. Paragraphs 23-24 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent responses are deemed necessary, Defendants deny each and every averment contained in said paragraphs. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

18. In answer to paragraph 25 of the Complaint, Defendants deny each and every allegation set forth in said paragraph.

19. Paragraphs 26-27 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent responses are deemed necessary, Defendants deny each and every averment contained in said paragraphs. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

20. In answer to paragraph 28 of the Complaint, Defendants deny the allegation as set forth in said paragraph.

21. Paragraph 29 of the Complaint contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny each and every averment contained in said paragraph. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

22. In answer to paragraph 30 of the Complaint, Defendants deny the allegations set forth in said paragraph.

23. In answer to paragraphs 31-32 of the Complaint, Defendants acknowledge that Plaintiff seeks various forms of relief in the Complaint. Defendants deny Plaintiff is entitled to any such relief and deny the allegations contained in said paragraphs.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

## SECOND CLAIM

### Unruh Act

24. In answer to paragraph 33 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 32, inclusive, as though fully set forth herein.

25. Paragraphs 34-36 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny each and every averment contained in said paragraphs. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a proper application of the same to the allegations made in the Complaint.

26. In answer to paragraphs 37-38 of the Complaint, Defendants deny the allegations set forth in said paragraphs.

27. In answer to paragraphs 39-40 of the Complaint, Defendants deny that Plaintiff suffered any injury in fact or that he was damaged. Defendants acknowledge that Plaintiff seeks various forms of relief under the Unruh Act and the ADA in the Complaint. Defendants deny Plaintiff is entitled to any such relief and deny the allegations of said paragraphs.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

## THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

28. In answer to paragraph 41 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 40, inclusive, as though fully set forth herein.

29. Paragraphs 42-43 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent responses are deemed necessary, Defendants deny each and every averment contained in said paragraphs. These answering defendants deny that the allegations set forth the full text of the applicable law and/or constitute a

PRINTED ON RECYCLED PAPER
SF 1886375v1
ANSWER TO COMPLAINT
CASE NO. CV 14-02850

proper application of the same to the allegations made in the Complaint.

30. In answer to paragraph 44 of the Complaint, Defendants deny the allegations set forth in said paragraph.

31. In answer to paragraphs 45 of the Complaint, Defendants deny Plaintiff suffered any injury in fact or that he was damaged. Defendants acknowledge that Plaintiff seeks various forms of relief and attorneys' fees and costs in the Complaint. Defendants deny Plaintiff is entitled to any such relief and deny the allegations of said paragraph.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

## **AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF**

### **FIRST AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

1. Defendants allege upon information and belief the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations. *Daingerfield Island Protective Society v. Babbitt* 40 F.3d 442,445 (D.C. CR. 1994).

### **SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

2. Defendants are informed and believe, and based thereon allege, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

### **THIRD AFFIRMATIVE DEFENSE**

**(Reasonable Portion Of Facility Accessible)**

3. Defendants are informed and believe and thereon allege that the Property does not violate any law, regulation or provision alleged in Plaintiff's Complaint by reason that a reasonable portion of the Property and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities.

### **FOURTH AFFIRMATIVE DEFENSE**

**(Defendants' Good Faith)**

4. Defendants allege, at all times relevant to the Complaint, Defendants have acted on good faith interpretations of disabled access laws and provisions and approvals and building

PRINTED ON RECYCLED PAPER
SF 1886375v1
JMBM | Jeffer Mangels Butler & Mitchell LLP

permits issues by governmental agencies regarding disabled access elements of the Property, which precludes or limits any recovery by Plaintiff based on the allegations of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Equivalent Facilitation)**

5. Defendants allege, at all times relevant to the Complaint, Defendants made available to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitations which provide full and equal access to and within the subject facility. Defendants' facilities do not violate any law, code, regulation, guideline or provision alleged in Plaintiff's Complaint by reason that a reasonable portion of the Property and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities. *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).

### SIXTH AFFIRMATIVE DEFENSE

**(Legitimate Business Purpose)**

6. Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits and a properly issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

### SEVENTH AFFIRMATIVE DEFENSE

**(*De Minimis* Deviations)**

7. Defendants allege Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or construction tolerances. *Cherry v. City College of San Francisco*, 2006 WL 6602454 at *5-6 (N.D. Cal. January 12, 2006) (recognizing the ADA's allowance of reasonable variances and equivalent facilitations).

PRINTED ON RECYCLED PAPER
SF 1886375v1

## EIGHTH AFFIRMATIVE DEFENSE

### (Reliance Upon Municipal Permits/Vested Rights)

8. Defendants allege all applicable legal requirements pertaining to access to the Property y by disabled persons have been complied with through all necessary permits obtained and a duly issued Certificate of Occupancy from appropriate authorities for construction, alteration or structural modification of the Property and Defendants reasonably relied upon powers vested in those authorities and that such permits conferred vested rights in Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Lack Of Standing For Injunctive Relief)

9. Defendants allege that Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact. Defendants allege Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is entirely speculative and Plaintiff lacks standing to assert same. *Solis v. Couturer* No. 08-02732-RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009).

## TENTH AFFIRMATIVE DEFENSE

### (Standing-No Injury In Fact)

10. Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and that Plaintiff failed to suffer an actual or imminent injury as required by applicable law. *Solis v. Couturer* No. 08-02732-RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Article III Standing)

11. Plaintiff lacks standing under the California Civil Code or Article III and cannot establish a violation of the California Civil Code or Title III because Plaintiff is unable to show that: (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation in or denied the benefits of Defendants' services or products, or was otherwise discriminated against by Defendants; (3) any exclusion was by reason of said disability;

PRINTED ON RECYCLED PAPER
SF 1886375v1

(4) that Plaintiff suffered any injury in fact; and/or (5) or that there is any imminent threat of future harm. *Solis v. Couturer* No. 08-02732-RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009).

## **TWELFTH AFFIRMATIVE DEFENSE**

### **(Not Readily Or Likely Achievable)**

12. Defendants allege any further action by Defendants to ensure no individual with disabilities is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of the Property, is not technically feasible, or is not structurally readily achievable. Defendants does not assert the affirmative defense of financial readily achievability in this action.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

### **(Negligence of Third-Parties)**

13. Defendants allege if Plaintiff is entitled to any damages under the circumstances alleged in the Complaint, or in any other respect, which is denied, these injuries and damages were wholly or in part, directly, proximately caused and contributed to by the negligence, carelessness, lack of due care and fault of third-parties over whom Defendants had no control. In the event Plaintiff is found to have sustained any injuries and to be entitled to injunctive relief or any damages, which is denied, Defendants are liable only for that portion of any damages which corresponds to their degree of fault or responsibility and are not liable for any damages attributable to the responsibility, negligence or fault of any other party. Defendants are entitled to be defended, indemnified and held harmless by such third parties for any liability in this Action.

Defendants expressly reserve the right to assert additional affirmative defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

1. Plaintiff take nothing by his Complaint;
2. Plaintiff's Complaint be dismissed in its entirety, with prejudice;
3. Judgment be entered in favor of Defendants;
4. Defendants recover its attorneys' fees and costs; and
5. For such other and further relief as the Court may deem proper.

PRINTED ON RECYCLED PAPER
SF 1886375v1

| | | |
|---|---|---|
| DATED: August 12, 2014 | | JEFFER MANGELS BUTLER & MITCHELL LLP<br>MARTIN H. ORLICK<br>MATTHEW S. KENEFICK<br>STUART K. TUBIS |
| | By: | */s/ Martin H. Orlick*<br>MARTIN H. ORLICK<br>Attorneys for Defendants Chester R. MacPhee, III, Co-Trustee of the George H. Sandy Foundation, a trust created by Declaration of Trust dated 2 January 1960; Thomas J. Feeney, Co-Trustee of the George H. Sandy Foundation, a trust created by Declaration of Trust dated 2 January 1960 and Union Bank, N.A., Co-Trustee of the George H. Sandy Foundation, a trust created by Declaration of Trust dated 2 January 1960 |

- 10 - ANSWER TO COMPLAINT
CASE NO. CV 14-02850

PRINTED ON RECYCLED PAPER
SF 1886375v1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On August 12, 2014 I served the document(s) described as **ANSWER TO PLAINTIFF'S COMPLAINT** in this action addressed as follows:

Tanya Moore, Esq.
Moore Law Firm, P.C.
332 N. Second Street
San Jose, CA 95112
Email: Tanya Moore (tanya@moorelawfirm.com)

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on August 12, 2014 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Martin H. Orlick*

Martin H. Orlick